**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

No. 26-1139 (consolidated with 26-1142)

---

AMERICAN CHEMISTRY COUNCIL, *et al.,*

*Petitioners,*

v.

ENVIRONMENTAL PROTECTION AGENCY, *et al.,*

*Respondents.*

---

**RESPONDENTS' CONSENT MOTION TO HOLD CASE IN ABEYANCE**

Respondent EPA moves the Court to hold these consolidated cases in abeyance for ninety days to allow EPA to address recently-submitted petitions for reconsideration—from Petitioner American Chemistry Council ("ACC") and the Environmental Petitioners[1]— regarding the challenged rule at issue here. Petitioner ACC (Case No. 26-1139) and Environmental Petitioners (Case No. 26-1142) all consent to EPA's request.

---

[1] The "Environmental Petitioners" in Case No. 26-1142 are: California Communities Against Toxics, Clean Air Council, Environmental Justice Health Alliance for Chemical Policy Reform, Kentucky Resources Council, Route 9 Community Development Corporation, and Sierra Club.

The consolidated petitions for review challenge EPA's rule, "National Emission Standards for Hazardous Air Pollutants: Chemical Manufacturing Area Sources Technology Review" ("CMAS Rule"), 91 Fed. Reg. 16502 (April 1, 2026). EPA has received two petitions for reconsideration of the CMAS Rule, one from the Environmental Petitioners on June 1, 2026 and another from Petitioner ACC on June 30, 2026.

EPA has not yet acted on the petitions for reconsideration of the CMAS Rule. EPA requires time to evaluate and decide whether to grant any petitions for reconsideration and if EPA does so, then to determine what actions to take. To do so in an orderly and considered way, EPA requests that the Court place the consolidated petitions in abeyance for ninety days, at which point the parties will file motions to govern.

This court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 US. 248, 254 (1936); *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013). An abeyance is prudent "if the public welfare or convenience will thereby be promoted." *Landis*, 299 U.S. at 256. Courts have long recognized that agencies may generally review and, if appropriate, reconsider their past decisions. *See, e.g., Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co.*, 463 U.S. 29, 42 (1983) ("[R]egulatory agencies do not establish rules of

conduct to last forever [and] an agency must be given able latitude to adapt their rules and policies to . . . changing circumstances.").

Abeyance is warranted here and would preserve resources of the parties and the Court. It is possible that after its review of the petitions for reconsideration from both the Environmental Petitioners and ACC, EPA could take further action that may obviate the need for judicial resolution of some or all of the disputed issues. Good cause thus exists for the requested abeyance. *See Anchor Line Ltd. v. Fed. Maritime Comm'n*, 299 F.2d 124, 125 (D.C. Cir. 1962) ("[W]hen an agency seeks to reconsider its action, it should move the court to remand or to hold the case in abeyance pending reconsideration by the agency."); *cf. Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 71-71 (D.C. Cir. 2022) (courts "routinely stay [their] hand when parties identify developments that are likely to render judicial resolution unnecessary").

No party would be prejudiced by the requested abeyance. Both the Environmental Petitioners and ACC have filed petitions for reconsideration. And both the Environmental Petitioners and ACC consent to this abeyance request. For these reasons, the Court should place this matter in abeyance for ninety days with motions to govern to be filed at the end of that period.

Dated: July 1, 2026

Respectfully submitted,

Adam R.F. Gustafson
Principal Deputy Assistant Attorney
General

Robert N. Stander
Deputy Assistant Attorney General

*/s/ Bryan J. Harrison*
Bryan J. Harrison
Senior Trial Counsel
Environment & Natural Resources
    Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 305-5426
bryan.harrison@usdoj.gov

**CERTIFICATE OF COMPLIANCE**

This motion complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 558 words, excluding the parts exempted by Rule 27(a)(2)(B); and (2) the typeface and type style requirements of Rule 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface (14-point Times New Roman) using Microsoft Word (the same program used for the word count).

*/s/ Bryan J. Harrison*
Bryan J. Harrison

**CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Bryan J. Harrison*
Bryan J. Harrison